# EXHIBIT A



**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

Main: 240-777-9400

To: TRANS UNION, LLC
TRANSUNION CONSUMER SOLUTIONS
PO BOX 2000
CHESTER PA 19016
SERVE ON: CSC-LAWYERS INCORPORATING
SERVICE COMPANY
7 SAINT PAUL STREET, SUITE 820
BALTIMORE, MD 21202

Case Number: C-15-CV-24-000081
Other Reference Number(s):

RUPERT RICKARDS VS. EQUIFAX INFORMATION SERVICES, LLC, ET AL.

Issue Date: 1/8/2024

## WRIT OF SUMMONS (NEW CASE)

You are hereby summoned to file a <u>written</u> response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by:

Rickards, Rupert
8342 Broderick Circle
GAITHERSBURG, MD 20877

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

*Karen A. Bushell*
Karen A. Bushell
Clerk of the Circuit Court

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

MOCC-FPV-001 (10/2021)      Page 1 of 2      01/08/2024 9:03 AM

**MONTGOMEY COUNTY CIRCUIT COURT**
Courthouse in Rockville, Maryland

RUPERT RICKARDS
8342 Broderick Circle
Gaithersburg, MD 20877

    Plaintiff,

v.

Case No. C-15-CV-24-000081

EQUIFAX INFO. SVCS. LLC
c/o CSC-Lawyers Incorporating Service Company
7 Saint Paul Street, Suite 820
Baltimore, MD 21202

    Defendant,

EXPERIAN INFO. SOLS. INC.
c/o Corporation Trust Incorporated
2405 York Rd #201
Lutherville Timonium, MD 21093

    Defendant,

TRANS UNION, LLC
c/o CSC-Lawyers Incorporating Service Company
7 Saint Paul Street, Suite 820
Baltimore, MD 21202

    Defendant,

COLUMBIA DEBT RECOVERY, LLC
c/o CSC-Lawyers Incorporating Service Company
7 Saint Paul Street, Suite 820
Baltimore, MD 21202

    Defendant,

IQ DATA INTERNATIONAL, INC
c/o CSC-Lawyers Incorporating Service Company
7 Saint Paul Street, Suite 820
Baltimore, MD 21202

    Defendant.

RECEIVED
JAN - 4 2024
Clerk of the Circuit Court
Montgomery County, Md.

**COMPLAINT AND JURY DEMAND**

1

COMES NOW, Plaintiff, Rupert Rickards, files suit against defendants Equifax Information Services, Llc ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), Columbia Debt Recovery, LLC ("Columbia") and IQ Data International, Inc. ("IQ Data"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1692 ("FDCPA"), 15 U.S.C. § 1681 ("FCRA"), Md. Code Ann., Com. Law §§ 14-202 and 13-301, and the common law tort of defamation.

## PARTIES TO THIS ACTION

2. Plaintiff is a natural person who resides in the state of Maryland.

3. Equifax, Experian and Trans Union are "consumer reporting agencies," ("CRA") as defined in 15 U.S.C. § 1681a(f) for it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and obtains monetary fees for these services.

4. Columbia and IQ Data are "debt collectors" as defined in 15 U.S.C. § 1692a(6) for they regularly collect on debts that were purportedly defaulted on to another creditor and they use the mail and/or phone to collect on those debts.

## FACTUAL ALLEGATIONS

5. Mr. Rickards obtained his three credit reports from the CRAs and found several inaccuracies in each of his reports.

6. **On his Equifax report are four inaccuracies.**

7. The first inaccuracy is a debt reported by Infirst Federal Credit Union. The inaccuracy was a 60-day late notation for March 2020. The account was no more than 30-days late in March 2020. In fact, the account has never been over 30 days late.

8. The second inaccuracy is a collection reported by National Credit Systems or NCS. This collection lists State National as the creditor with a creditor classification of rental or leasing. The company State National is an insurance company, not a rental or leasing company. And Plaintiff has no business with State National in any capacity.

9. The third and fourth inaccuracies are two duplicate collections reported by Columbia. Equifax erroneously reports the source as Genesis Credit Management LLC, but that company no longer exists. This collection claims to derive from a debt with Hunting King Farm II, which is a company that Plaintiff has no dealings with and owes no debt.

10. **On his Experian report are five inaccuracies.**

11. The first inaccuracy is a debt with Acima Digital. This debt has an obvious inaccuracy with the balance. While Experian reported the balance of the debt as $2,267 at the time that it was charged off, it is reporting the present balance as $6,954.

12. The second inaccuracy is a debt reported by Infirst Federal Credit Union. The inaccuracy was a 60-day late notation for March 2020. The account was no more than 30-days late in March 2020. In fact, the account has never been over 30 days late.

13. The third inaccuracy is a collection from Midland. This debt is obviously inaccurate. Midland lists the original creditor as Comenity Bank for a $509 debt. The original Comenity Bank debt is also being reported and it clearly shows that the debt was paid. So, Midland could not have purchased an unpaid debt from Comenity Bank.

14. The fourth inaccuracy is a collection reported by National Credit Systems or NCS. This collection lists State National as the creditor with a creditor classification of rental or leasing. The company State National is an insurance company, not a rental or leasing company. Plaintiff has no insurance or rental accounts with State National.

3

15. The fifth inaccuracy is a collection reported by IQ Data. This company claims to be collecting on a $10,208 rental debt from Villages at Morgan Metro MD. According to the report, the debt was originally $8,950. Plaintiff does not owe $8,950 or any amount close to that figure to Villages at Morgan Metro MD. At most there is an argument that $500 is owed. The debt collector NCS sent Plaintiff a letter that stated it was attempting to collect $500 for rental debt owed to Villages at Morgan Metro MD.

16. **On Plaintiff's Trans Union report are seven inaccuracies.**

17. The first inaccuracy is a debt with Comenity Bank. Trans Union is reporting this debt as charged off but the debt was paid and is reported as such by Experian.

18. The second inaccuracy is a debt reported by Infirst Federal Credit Union. The inaccuracy was a 60-day late notation for March 2020. The account was no more than 30-days late in March 2020. In fact, the account has never been over 30 days late.

19. The third inaccuracy is listed by some company with the name Preferred Lease. The company is an unknown entity to the Plaintiff. And nothing being reported about the account relates or matches up with any account that Plaintiff has or had. Further, the account number is incomplete and does not resemble any of the account numbers associated with Plaintiff's accounts.

20. The fourth inaccuracy is a collection from Midland. This debt is inaccurate because Midland is reporting a debt with Comenity that Plaintiff has paid.

21. The fifth inaccuracy is a collection reported by National Credit Systems or NCS. This collection lists State National as the creditor with a creditor classification of rental or leasing. The company State National is an insurance company, not a rental or leasing company. Plaintiff has no insurance or rental accounts with State National.

22. The sixth inaccuracy is a collection reported by Columbia. Trans Union erroneously reports the source as Genesis Credit Management LLC, but that company no longer exists. This

4

collection claims to derive from a debt with Hunting King Farm II, which is a company that Plaintiff has no dealings with and owes no debt.

23.   The seventh inaccuracy is a collection reported by IQ Data. This company claims to be collecting on a $10,208 rental debt from Villages at Morgan Metro MD. According to the report, the debt was originally $8,950. Plaintiff does not owe $8,950 or any amount close to that figure to Villages at Morgan Metro MD. At most there is an argument that $500 is owed. The debt collector NCS sent Plaintiff a letter that stated it was attempting to collect $500 for rental debt owed to Villages at Morgan Metro MD.

24.   **<u>Plaintiff has disputed each of the debts within the past two years.</u>**

29.   The CRAs do not investigate the dispute.

30.   Instead of doing an investigation, the CRAs translate the Plaintiff's dispute letter(s) into an electronic dispute form that they forward to the furnishers of the disputed information.

31.   The debt collectors received the CRAs' version of the dispute.

32.   After receiving the dispute from the CRAs, the debt collectors checked to make sure the CRAs were reporting the information just as the debt collectors had provided to them.

33.   The debt collectors did not check to make sure that the information was accurate.

34.   The CRAs did not require that the debt collectors assure the information was accurate.

35.   Both debt collectors are unreliable sources of information and the CRAs know this because they receive much, much more disputes from these companies than they do from their more reliable sources of information.

36.   Notwithstanding the CRAs' knowledge of the debt collectors' unreliable reporting and investigation procedures, the CRAs accepted the debt collectors incredulous claim that they had verified the accuracy of the disputed information.

## COUNT ONE: VIOLATIONS OF FDCPA

37. Plaintiff incorporates the preceding allegations by reference.

38. Defendant Columbia violated FDCPA, 15 U.S.C. §§ 1692e and 1692f by:

    a. attempting to collect a debt from Plaintiff that was not owed;

    b. falsely claiming that it obtained the debt from a creditor of the Plaintiff;

    c. using a false name to report the debt to the CRAs;

    d. reporting derogatory information to the CRAs that it knew was false;

    e. unfairly and/or unconscionably reporting false derogatory information to the CRAs as a collection method to coerce Plaintiff into paying the false debt; and

    f. reporting the false debt twice to cause more damage to Plaintiff's profile as an added pressure and to collect double the money.

39. Defendant IQ Data violated FDCPA, 15 U.S.C. §§ 1692e and 1692f by:

    a. attempting to collect a debt or amount from Plaintiff that was not owed;

    b. falsely claiming that it obtained the debt from a creditor of the Plaintiff;

    c. adding fees or costs that were not authorized by contract or law;

    d. reporting derogatory information to the CRAs that it knew was false; and

    e. unfairly and/or unconscionably reporting false derogatory information to the CRAs as a collection method to coerce Plaintiff into paying the false debt.

40. Defendants' violations ruined Plaintiff's credit and prevented her from obtaining credit and/or dissuaded her from applying for credit, and Plaintiff suffered and continues to suffer from stress that is attendant with coping with the credit damage and attempts to have the erroneous information removed or corrected.

41. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT TWO: VIOLATION(S) OF MCDCA

42. Plaintiff incorporates the preceding allegations by reference.

43. Defendants Columbia and IQ Data violated Md. Code Ann., Com Law § 14-202(11) by violating the FDCPA as described in paragraphs 38 and 39.

44. As a result of Defendants' foregoing conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, loss of credit, humiliation and other emotional distress.

45. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages pursuant to Com Law § 14-203.

## COUNT THREE: VIOLATION(S) OF MCPA

46. Plaintiff incorporates the preceding allegations by reference.

47. Defendants Columbia and IQ Data violated the MCPA, Md. Code Ann., Com Law § 13-301(14)(iii) when they violated the MCDCA.

48. As a result of Defendants' foregoing conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, loss of credit, humiliation and other emotional distress.

49. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages and attorney's fee pursuant to Com Law §§ 13-408(a)-(b).

## COUNT FOUR: VIOLATIONS OF FCRA

50. Plaintiff incorporates the preceding allegations by reference.

51. Defendants Columbia and IQ Data violated 15 U.S.C. §§ 1692s-2(b)(1)-(5) by:

   a. failing to conduct a proper and reasonable investigation of Plaintiff's dispute(s);

   b. ignoring Plaintiff's dispute letter which was forwarded by CRAs to them;

   c. falsely reporting to the CRAs that the disputed information was verified; and

   d. failing to modify or delete inaccurate, incomplete or unverifiable information that was disputed by Plaintiff.

52. Defendants Equifax, Experian and Trans Union violated 15 U.S.C. § 1681e(b) by:

7

   a.  failing to use reasonable procedures to report maximum accurate information;

   b.  blindly relying on an unreliable source of information in their preparation and furnishing of credit reports; and

   c.  ignoring information from sources other than the furnisher, such as information from the consumer or other CRAs, during their preparation and furnishing of credit reports.

53. Defendants Equifax and Trans Union violated FCRA, 15 U.S.C. § 1681g(a) by failing to accurately and completely report the source of information for the Columbia collection.

54. Defendants Experian and Trans Union violated FCRA, 15 U.S.C. § 1681i(a) by:

   a.  failing to conduct a reasonable investigation of Plaintiff's dispute;

   b.  failing to consider all the relevant information in Plaintiff's dispute; and

   c.  failing to delete inaccurate or incomplete or unverified information.

55. Defendants Equifax, Experian and Trans Union violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's statement of dispute after receiving subsequent disputes that adequately provided the CRAs with notice of Plaintiff's position on the disputed debts.

56. Defendants' violations ruined Plaintiff's credit and prevented her from obtaining credit and/or dissuaded him from applying for credit, and Plaintiff suffered and suffers from stress due to the distress that is attendant with coping with the credit damage and endeavoring to have the erroneous information removed or corrected.

57. Defendants' violations were the result of an intentional policy to short-circuit their responsibilities of the FCRA for the sake of saving money on investigating credit disputes

58. Plaintiff seeks an award of actual damages in amount over $100,000 and an award of $5,000 in statutory damages for Defendants' violations under the FCRA, and an additional punitive damages award of up to ten times his actual damages award or up to 100 times his statutory damages.

## COUNT FIVE: DEFAMATION

59. Plaintiff incorporates the preceding allegations by reference.

60. Defendants Columbia, IQ Data, Equifax, Experian and Trans Union knew they were reporting false information because Plaintiff notified the Defendants that they were reporting false information.

61. Defendants' reporting constituted defamatory statements as the reportings were injurious to Plaintiff's financial profile, credit profile and employment profile.

62. Defendants knew that their false reporting would cause Plaintiff to be denied credit.

63. Defendants' false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to her financial reputation, loss of credit opportunity and emotional and mental distress.

64. Plaintiff is entitled to actual and punitive damages for Defendants' defamation.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment separately against each Defendant for actual, statutory damages and punitive damages in amounts to be decided by the jury, and for attorney fees and costs in an amount to be decided by the Court.

Respectfully submitted,

*/s/ Rupert Rickards*

A.R.K.
Without Recourse

Rupert Rickards
Pro Se Plaintiff
8342 Broderick Circle
Gaithersburg, MD 20877
(202) 713-7784
rupert.rickards@gmail.com

CERTIFIED MAIL
9589 0710 5270 1136 3934 69

Retail
U.S. POSTAGE PAID
FCM LG ENV
UPPER MARLBORO
MD 20774
JAN 13, 2024
$11.65
RDC 99
R2305K131434-18

Marlboro, MD 20775

CSC Lawyers Incorporating Service Company
7 St. Paul Street, Suite 820
Baltimore, MD 21202